CLD-212                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3924
_____

SOLOMON MANAMELA,
                                                    Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-09292)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2020
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2020)
_____

OPINION*
_____

PER CURIAM

Solomon Manamela appeals from an order of the United States District Court for

the District of New Jersey, which dismissed for lack of jurisdiction his petition filed

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

under 28 U.S.C. § 2241.  Because the appeal presents no substantial question, we will grant the Appellee's motion to summarily affirm the District Court's judgment.

Manamela was convicted in 2010 of "wire fraud, in violation of 18 U.S.C. § 1343, health care fraud, in violation of 18 U.S.C. § 1347, and conspiracy, in violation of 18 U.S.C. § 371." United States v. Manamela, 463 F. App'x 127, 130 (3d Cir. 2012).  He was sentenced to 168 months in prison.  Id. at 131.  We affirmed the judgment and sentence on appeal.  Id. at 136.  Manamela filed an unsuccessful motion under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel.  After granting a certificate of appealability on one issue, we affirmed the District Court's judgment.  United States v. Manamela, 612 F. App'x 151, 157 (3d Cir. 2015).

Manamela then filed the petition for a writ of habeas corpus under 28 U.S.C. § 2241 at issue here, raising three issues:  (1) whether the court erred in deciding that Manamela and his company were "liable for the death of Danieal Kelly"[1] because another court in the same District dismissed her estate's civil claims against his company; (2) "[w]hether affirmative evidence exists to establish Congress' intention under 18 U.S.C. § 24(b) to find non-medical community based child welfare service provider Title IV-B subpart 2, (42 U.S.C. § 629(a)(2)[)] under the Act guilty of health care fraud"; and (3) whether the court erred in denying him discovery and an evidentiary hearing

---

[1] As the District Court noted, Manamela was never found "liable for the death" of anyone—he was convicted of fraud offenses.

2

concerning Brady materials allegedly withheld by the prosecution. Dkt. #1 at 16.[2] The District Court granted the Respondent's motion to dismiss the petition for lack of jurisdiction, and Manamela appealed. The Appellee has moved to summarily affirm the District Court's order.[3]

The District Court correctly dismissed Manamela's petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The "inadequate or ineffective" exception is narrow and does not apply simply because a petitioner cannot meet the stringent gatekeeping requirements of the amended § 2255. Okereke, 307 F.3d at 120 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

To date, we have recognized only one situation where the exception applies: where a court's subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim. Bruce v.

---

[2] Although Manamela was convicted in the United States District Court for the Eastern District of Pennsylvania, he filed his § 2241 petition in New Jersey, as he was confined at a prison there at the time of filing.

[3] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Cordaro v. United States, 933 F.3d 232, 241 (3d

Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d at 251. But Manamela's claims are not based on any new statutory interpretation that would render his actions non-criminal, nor does he present any other unusual circumstance that would render § 2255 inadequate or ineffective. The District Court thus lacked jurisdiction to consider Manamela's § 2241 petition.

Because Manamela's appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

Cir. 2019).